[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12916
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20519-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES PETER SABATINO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 17, 2020)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

James Peter Sabatino is a federal prisoner subject to special detention

conditions that restrict him to communicating with only a small number of people,

namely his step-mother and current legal counsel.  He appealed the district court's

denial of his post-judgment motion to authorize him to communicate with his former attorney and paralegal.  Because the district court has already granted the relief Sabatino seeks, we dismiss his appeal as moot.

## I.

In 2017, Sabatino entered into a plea agreement and then pled guilty to conspiring to conduct a racketeering enterprise, in violation of 18 U.S.C. § 1962(d).  Under the terms of the agreement, the government would request that the district court and the Bureau of Prisons ("BOP") impose certain communication restrictions on Sabatino during his incarceration.  Sabatino agreed that those restrictions, also known as Special Administrative Measures, would prohibit him from communicating with anyone other than his attorney, Joseph S. Rosenbaum; Kimberly Acevedo, who was then a paralegal and is now an attorney; and his step-mother, Carol Fardette.  Sabatino and the government agreed these restrictions would remain in place until "such time as when [Sabatino] demonstrate[s] his communications no longer pose a threat."  They also stipulated that the district court would "retain jurisdiction to consider any applications [to] modify these special conditions of confinement."

Following Sabatino's change-of-plea hearing, and prior to sentencing, the government requested the district court restrict Sabatino's communications, consistent with the plea agreement.  At the sentencing hearing, the district court

2

sentenced Sabatino to 240-months imprisonment and imposed the restrictions requested by the government. After the hearing, the district court issued a written order granting the government's motion to impose communications restrictions.

In July 2018, the Federal Public Defender requested the district court appoint substitute counsel to represent Sabatino on appeal due to a conflict. The district court granted the motion and appointed Ivy Ginsberg as Sabatino's appellate counsel, pursuant to the Criminal Justice Act ("CJA"). Rosenbaum remained as Sabatino's counsel in the district court. In October 2018, the district court granted Sabatino's motion to modify his communications restrictions so he could communicate with Ginsberg about his appeal. The following month, Sabatino moved the district court to appoint Ginsberg as his attorney in district court as well, joining Rosenbaum. The court denied the motion, on the ground that two court-appointed attorneys were not needed to represent Sabatino in his district court proceedings. Sabatino filed a motion to reconsider which requested the district court appoint Ginsberg as his sole attorney in district court. The district court granted the motion, substituted Ginsberg as Sabatino's district court counsel, and terminated Rosenbaum as counsel of record.

In April 2019, Sabatino filed a pro se motion requesting that the district court order the BOP to allow him to communicate with Rosenbaum. His motion stated that a letter he sent to Rosenbaum was returned undelivered after the

prison's legal department determined that, because Rosenbaum had been terminated as counsel of record, Sabatino's communication restriction order prohibited him from communicating with Rosenbaum. The district court denied Sabatino's motion. The court said that, because Rosenbaum no longer represented Sabatino, Sabatino was no longer permitted to communicate with him or Acevedo.

In May 2019, Sabatino, now with aid of counsel, again moved for authorization to communicate with Rosenbaum and Acevedo. His motion explained that Rosenbaum continued to represent him as attorney of record in three other cases and was best positioned to communicate with him about those cases. Sabatino also argued that the district court lacked authority to add a communication restriction without a motion from the director of the BOP or the United States Attorney. On July 10, 2019, the district court denied the motion, noting only that the other cases in which Rosenbaum was Sabatino's counsel of record had all been closed.

Sabatino filed a notice of appeal and moved the district court to stay its order denying his motion to communicate with Rosenbaum and Acevedo. In October 2019, the district court entered an order stating it would reconsider its July 2019 order if our Court relinquished jurisdiction over the appeal. Sabatino then filed a motion asking this Court to stay the appeal pending the district court's ruling on

4

his motion to reconsider.  This Court granted his motion to stay the appeal.  United States v. Sabatino, No. 19-12916 (11th Cir. Oct. 15, 2019).

The appellate briefing schedule now stayed, Sabatino moved the district court to reconsider its July 2019 order.  The same day, Ginsberg requested to withdraw as CJA counsel of record and that Rosenbaum be reappointed as CJA counsel.  On November 6, 2019, the district court granted Ginsberg's motion to withdraw and reappointed Rosenbaum as Sabatino's CJA counsel in district court.  Because Rosenbaum and Acevedo's reappointment as counsel meant Sabatino could communicate with them once more, the court denied as moot Sabatino's motions for reconsideration and stay of the July 2019 order.  Sabatino proceeded with his appeal and filed his opening brief on November 14, 2019.

## II.

Mootness is jurisdictional and must be resolved before the merits of the case.  Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001) (per curiam).  We review de novo questions of jurisdiction, including mootness.  See United States v. Cartwright, 413 F.3d 1295, 1299 (11th Cir. 2005) (per curiam); see also CAMP Legal Def. Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1268 (11th Cir. 2006).

## III.

Sabatino appeals the district court's July 10, 2019, denial of his motion to authorize communication with Rosenbaum and Acevedo.  After Sabatino filed a

notice of appeal, the district court issued an order authorizing him to communicate with Rosenbaum and Acevedo.  Because Sabatino has already obtained the relief he sought, he can obtain no meaningful relief from this Court and his appeal is moot.

Under Article III of the Constitution, a federal court's jurisdiction is limited to active "Cases" and "Controversies."  U.S. Const. art. III, § 2.  A case on appeal becomes moot, and ceases to be an active case or controversy, if events occur after the filing of the appeal that deprive the appeals court of the ability to give the appellant meaningful relief.  See also Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (holding that a case or controversy must exist at all stages of review).  When this happens, the appeal must be dismissed. Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002) (per curiam).  "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion."  Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1217 (11th Cir. 2000).

Here, the district court granted the relief Sabatino seeks, so there is no longer meaningful relief to be obtained from our Court and the appeal must be dismissed as moot.  See Soliman, 296 F.3d at 1243 (dismissing as moot an appeal related to immigration detention conditions because the detainee received the requested relief).  In his motion to stay briefing in this Court, Sabatino acknowledged that

6

"[i]f the district court reconsiders its prior order and grants the motion to authorize communication with attorneys Rosenbaum and Acevedo, then the appeal before this court would be unnecessary." But after the district court issued an order allowing Sabatino to communicate with Rosenbaum and Acevedo, Sabatino nonetheless continued his appeal. He now requests that we "remand to the District Court with instructions on the proper way of evaluating this and future Modifications to the communication restrictions." That is nearly the definition of a purely advisory opinion, which we lack jurisdiction to issue. See Miller v. FCC, 66 F.3d 1140, 1145 (11th Cir. 1995) ("By asking this court to decide what another court should do in a future case, petitioners are posing a hypothetical question, the answer to which would be an advisory opinion.").

Sabatino argues that his case is not moot under the voluntary cessation doctrine. Under that rule, a defendant's voluntary cessation of a challenged practice "does not automatically moot the case" unless it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." United States v. Askins & Miller Orthopaedics, P.A., 924 F.3d 1348, 1355 (11th Cir. 2019) (quotation marks omitted). But the conduct at issue in this case does not fall under the voluntary cessation doctrine, since Sabatino's renewed ability to communicate with Rosenbaum and Acevedo only came about pursuant to a court order.

Sabatino also argues his appeal is not moot because the communication restrictions he challenges are "very likely to recur in the future."  It is true that there is a "narrow exception" to the mootness doctrine when the action challenged in a lawsuit is "capable of being repeated and evading review."  Soliman, 296 F.3d at 1242–43.  But this exception applies "only in the exceptional circumstance in which the same controversy will recur and there will be inadequate time to litigate it prior to its cessation."  Al Najjar, 273 F.3d at 1340.  Sabatino has not shown that he is likely to be barred from communicating with Rosenbaum or Acevedo in the future.  And in the event that he is, he has not argued that he would have inadequate time to litigate that issue.  See id. at 1342 (holding that the remote possibility of recurrence is not enough to overcome mootness, "and even a likely recurrence is insufficient if there would be ample opportunity for review at that time").  Sabatino therefore has not shown that this exception to mootness applies to his appeal.

## IV.

On this record, there is no active case or controversy in this appeal and we dismiss it as moot.

**APPEAL DISMISSED.**

8